UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAMAR DURR,

                Plaintiff,                Case No. 1:09-cv-1116

v.                                        Honorable Janet T. Neff

UNKNOWN HARALSON et al.,

                Defendants.
_____/

**OPINION**

This is a civil rights action brought by a former state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff has paid the entire filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Mike Cox and Jennifer Granholm. The Court will also dismiss Plaintiff's due process claim against Carol Howes, (unknown) Haralson, (unknown) Utter, Margaret Ovellette, Rhonda Rider, A. Scott and P. Klee.

Plaintiff's remaining claims against Defendants Patricia Caruso, Carol Howes, Correctional Medical Services, Inc., (unknown) Haralson, (unknown) Utter, Margaret Ovellette, Rhonda Rider, A. Scott and P. Klee will be served.

**Discussion**

I.  Factual allegations

Plaintiff, an African American, filed his complaint while he was incarcerated at Marquette Branch Prison. According to the Michigan Department of Corrections (MDOC) Offender Tracking Information System (OTIS), Plaintiff was discharged from prison on January 19, 2010.[1] Plaintiff complains of events that occurred at Camp Branch (CDW) in 2008. In his *pro se* complaint, Plaintiff sues the following CDW employees: Lieutenants (unknown) Haralson and (unknown) Utter; Margaret Ovellette; Nurse Rhonda L. Rider; A. Scott; Assistant Deputy Warden (ADW) P. Klee; Warden Carol Howes; and three unknown parties. Plaintiff also sues Correctional Medical Services, Inc. (CMS); MDOC Director Patricia Caruso; Michigan Attorney General Michael Cox and Michigan Governor Jennifer Granholm.

On July 6, 2008, Plaintiff was kicked in the groin by another prisoner. When Plaintiff approached Defendant Haralson about his injury, Defendant Haralson refused to send Plaintiff to health care for medical attention. Plaintiff's genitals then swelled to the size of golf balls. On July 7, Plaintiff requested to be taken to the hospital because his urine was bloody but Defendant Utter rejected Plaintiff's request. Plaintiff also claims that Nurse Rider did not recognize Plaintiff's need for urgent medical care. On July 8, Defendant Ovellette allegedly failed to follow MDOC Policy Directive 03.04.100 (effective Feb. 14, 2005) and, thus, refused to give Plaintiff medical care.

---

[1]*See* http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=484773.

Plaintiff further claims that CMS, ADW Klee and an unknown physician's assistant failed to provide medical care on July 8. Four days after the incident, Plaintiff was finally admitted to the hospital, where his left testicle was surgically removed.

Plaintiff asserts violations of his constitutional rights under the "First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments." (Compl. at 3-2, docket #1.) Plaintiff alleges that he was retaliated against by Defendants Klee and Haralson in violation of his First Amendment rights for attempting to file grievances for medical care. After he filed a grievance, those Defendants retaliated by concealing the racially motivated crime against Plaintiff. (Compl. at 3-1, docket #1.) As for his Eighth Amendment claim, Plaintiff argues that he was denied medical care for four days, and, thus, doctors had to remove a testicle. For his Fifth and Fourteenth Amendment claims, Plaintiff states that CDW staff would not process his grievances in violation of his due process rights. Plaintiff also claims that Defendants intentionally discriminated against him because he is African American in violation of his equal protection rights under the Fourteenth Amendment. Plaintiff did not specify his claims under the Sixth and Ninth Amendments.

Plaintiff asserts that Defendants Caruso, Cox, Granholm and Howes did not adequately train and supervise staff. Plaintiff also argues that Defendants Caruso, Cox, Granholm and CMS enforced customs, policies and procedures that violated the Supremacy Clause. (Br. in Supp. at 7-8, docket #3.) Plaintiff further alleges that Defendants Caruso, Cox, Granholm and CMS intentionally discriminated against Plaintiff, as an African American, for exercising his constitutional rights. (*Id.*) Plaintiff finally argues that Defendant Haralson and "several staff members" conspired to retaliate against Plaintiff for attempting to file grievances and to receive medical care. (Attach. to Compl. at 11.)

Plaintiff requests injunctive and declaratory relief as well as monetary damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal

rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendants Granholm and Cox

#### 1. Respondent Superior

Plaintiff fails to make specific factual allegations against Defendants Jennifer Granholm and Mike Cox, other than his claim that they failed to adequately train and supervise staff. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). The Sixth Circuit has held that an official's failure to supervise, control, or train the offending individual is not actionable when it is based upon respondeat superior; as follows:

> a supervisory official's failure to supervise, control, or train the offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999) (quoting *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir.1982)). Thus, a claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Granholm

and Cox engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

2. **Supremacy Clause**

Plaintiff alleges that Defendants Granholm and Cox's customs, policies and procedures violated his constitutional rights under the Supremacy Clause. The Supremacy Clause "invalidates all state laws that conflict or interfere with an Act of Congress." U.S. Const. art. VI, cl. 2; *see also Rose v. Arkansas State Police*, 479 U.S. 1, 3 (1986). Under the Supremacy Clause, federal laws preempt state laws "in a wide array of contexts, from circumstances in which federal and state laws are plainly contradictory to those in which the incompatibility between state and federal laws is discernible only through inference." *Hayfield N. R.R. v. Chicago & N.W. Transp.*, 467 U.S. 622, 627 (1984). Therefore, "public officials have an obligation to follow the Constitution even in the midst of a contrary directive from a superior or in a policy." *Kennedy v. City of Cincinnati*, 595 F.3d 327, 337 (6th Cir. 2010) (citation omitted). Plaintiff has not identified a custom, policy or procedure, which conflicts with his constitutional rights. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *Twombly*, 550 U.S. at 555; *Ashcroft*, 129 S. Ct. at 1949-950. Because Plaintiff's complaint only provides conclusory statements, his Supremacy Clause claim fails.

3. **Equal Protection Clause**

Plaintiff alleges that Defendants Granholm and Cox intentionally discriminated against him for exercising his constitutional rights because he is African American. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all

persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976). Inmates are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race. *See Lee v. Washington*, 390 U.S. 333 (1968) (per curiam). Plaintiff's allegations on this point are wholly conclusory. Plaintiff merely states that Defendants Granholm and Cox are treating him differently because he is African American. Plaintiff provides no specific factual allegations to support his contention. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Twombly*, 550 U.S. at 555; *Ashcroft*, 129 S. Ct. at 1949; *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir.1996) (citing *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986)); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir.1985). Accordingly, Plaintiff fails to state an equal protection claim against Defendants Granholm and Cox.

4. **State Law**

To the extent that Plaintiff's complaint presents allegations under state law against Defendants Granholm and Cox, this Court declines to exercise jurisdiction. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir.

1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *2 (6th Cir. June 18, 1998). This claim will be dismissed without prejudice.

    B. **Defendants Caruso, Howes, Correctional Medical Services, Inc., Haralson, Utter, Ovellette, Rider, Scott and Klee**

Plaintiff asserts several constitutional claims against Defendants Patricia Caruso, Carol Howes, Correctional Medical Services, Inc., (unknown) Haralson, (unknown) Utter, Margaret Ovellette, Rhonda Rider, A. Scott and P. Klee.

    1. **Due Process Clause**

Plaintiff alleges that CDW staff violated his due process rights for not processing his grievances. The CDW staff in Plaintiff's complaint include Defendants Carol Howes, (unknown) Haralson, (unknown) Utter, Margaret Ovellette, Rhonda Rider, A. Scott and P. Klee. The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendants' conduct did not deprive him of due process.

    2. **Service**

Plaintiff's remaining claims against Defendants Patricia Caruso, Carol Howes, Correctional Medical Services, Inc., (unknown) Haralson, (unknown) Utter, Margaret Ovellette, Rhonda Rider, A. Scott and P. Klee are sufficient to state a constitutional claim, and, thus, Plaintiff's action will be served against those Defendants.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Mike Cox and Jennifer Granholm will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss Plaintiff's due process claim against Carol Howes, (unknown) Haralson, (unknown) Utter, Margaret Ovellette, Rhonda Rider, A. Scott and P. Klee. Plaintiff's remaining claims against Defendants Patricia Caruso, Carol Howes, Correctional Medical Services, Inc., (unknown) Haralson, (unknown) Utter, Margaret Ovellette, Rhonda Rider, A. Scott and P. Klee will be served.

An Order consistent with this Opinion will be entered.


Dated: __April 14, 2010__                         /s/ Janet T. Neff
                                                  Janet T. Neff
                                                  United States District Judge