UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KAMAR DURR,

       Plaintiff,                                  Hon. Janet T. Neff

v.                                                             Case No. 1:09-CV-1116

CORRECTIONAL MEDICAL
SERVICES, et al.,

       Defendants.
_____/


## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion for Summary Judgment</u>, (dkt. #24), and <u>Plaintiff's Motion for Voluntary Dismissal</u>, (dkt. #30). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**, Defendants' motion be **granted**, and Plaintiff's action **dismissed**.


## BACKGROUND

The following allegations are contained in Plaintiff's complaint. On July 6, 2008, Plaintiff was "kicked in his sexual organ" by "an unknown prisoner," after which Plaintiff "begged" Lieutenant Haralson to send him to a hospital. Lieutenant Haralson refused Plaintiff's request. On July 7, 2008, Rhonda Rider "failed to provide a doctor to immediately review" Plaintiff's condition and Jeffrey Utter denied Plaintiff's request to be transported to a hospital. On July 8, 2008, Margaret Ouellette "fail[ed] to act to send [Plaintiff] to a hospital." Plaintiff alleges that this conduct violated his constitutional rights.

Plaintiff also alleges that Assistant Deputy Warden (ADW) Paul Klee failed to properly train and supervise his staff. Plaintiff alleges that Attorney General Mike Cox failed to provide "adequate supervision and training." Plaintiff alleges that Governor Jennifer Granholm failed to "enforce and protect all citizen[s]." Plaintiff alleges that Warden Carol Howes failed to "adequately supervise [and] train" Lieutenant Haralson. Finally, Plaintiff asserts that Correctional Medical Services, Inc. (CMS) is liable "for acting on behalf of the state." Plaintiff alleges that this conduct likewise violated his constitutional rights.

Plaintiff initiated the present action on December 10, 2009, against Lieutenant Haralson, Jeffrey Utter, Margaret Ouellette, Rhonda Rider, Ann Scott, Paul Klee, Correctional Medical Services, Inc., Patricia Caruso, Attorney General Mike Cox, Governor Jennifer Granholm, Carol Howes, and several "unknown parties." Plaintiff requests injunctive relief as well as monetary relief in excess of twenty million ($20,000,000.00) dollars.

Plaintiff's claims against Attorney General Cox and Governor Granholm, as well as his due process claims against all other Defendants, have since been dismissed for failure to state a claim on which relief may be granted. Plaintiff's remaining claims against Margaret Ouellette and CMS have also been dismissed pursuant to stipulation. Plaintiff has failed to properly effect service on Defendants Haralson or any of the "unknown parties" identified in his complaint. Defendants Utter, Rider, Scott, Klee, Caruso, and Howes now move for relief on the ground that Plaintiff has failed to properly exhaust administrative remedies and failed to state a claim on which relief may be granted. Plaintiff has not responded to the merits of Defendants' motion, but has instead moved to voluntarily dismiss his complaint.

## ANALYSIS

I.      **Plaintiff's Motion for Voluntary Dismissal**

Rather than respond to the merits of Defendants' motion for summary judgment, Plaintiff instead filed a motion for voluntary dismissal in which he requests that he be permitted to dismiss without prejudice his claims against the remaining defendants. (Dkt. #30). Defendants oppose Plaintiff's motion. Specifically, Defendants argue that the Court should instead dismiss Plaintiff's action with prejudice for failure to respond to their motion for summary judgment or, in the alternative, grant their motion for summary judgment and dismiss Plaintiff's action "with prejudice and count that dismissal as a litigation strike."

The Court is not persuaded that Plaintiff's remaining claims should be dismissed with prejudice for failure to respond to Defendants' motion for summary judgment. Plaintiff has not failed to prosecute this action or comply with this Court's orders. While Plaintiff has not responded to the merits of Defendants' motion, he has not simply ignored Defendants' motion. Thus, the Court finds that dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(b) is not appropriate. Moreover, because Plaintiff's claims against Defendants CMS and Ouellette were dismissed without prejudice pursuant to stipulation, imposition of a strike for purposes of 28 U.S.C. § 1915(g), does not appear appropriate. *See Pointer v. Wilkinson*, 502 F.3d 369, 372-77 (6th Cir. 2007) (imposition of a strike is appropriate only where court determines that all claims in a complaint either fail to state a claim or are not properly exhausted). Rather, as discussed below, the Court concludes that Plaintiff's remaining claims must be dismissed without prejudice for failure to properly exhaust administrative remedies. Accordingly, the undersigned recommends that Plaintiff's motion for voluntary dismissal be **denied**.

**II.	Exhaustion**

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

When assessing whether a prisoner has properly exhausted his claims as required by the PLRA, it is appropriate to seek guidance from the substantively similar exhaustion rules applicable to petitions for writ of habeas corpus. *See Woodford,* 548 U.S. at 88. In the habeas context, a petitioner is required to properly present his federal claims through one complete round of the State's established appellate review process. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). To "'protect the integrity' of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies." *Id.* at 848 (citation omitted). The Supreme Court has stated that in the habeas context, "the sanction for failing to exhaust properly

(preclusion of federal review) is called procedural default." *Woodford,* 548 U.S. at 92. To determine whether a habeas petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the last state court rendering judgment on the claim at issue actually enforced the state procedural rule so as to bar that claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir.2004), *cert. denied,* 544 U.S. 928 (2005); *accord Lancaster v. Adams,* 324 F.3d 423, 436-37 (6th Cir.2003).

Under the procedural default component of § 1997e(a), a prisoner's claims are procedurally defaulted if he fails to complete the administrative review process in accordance with the deadlines and other applicable procedural rules and prison officials actually relied upon the procedural rule to bar review of the grievance. *See Johnson v. Meadows,* 418 F.3d 1152, 1159 (11th Cir.2005), *cert. denied,* 126 S.Ct. 2978 (2006); *Spruill v. Gillis,* 372 F.3d 218, 222 (3rd Cir.2004) (holding that "the determination whether a prisoner has 'properly' exhausted a claim (for procedural default purposes) is made by evaluating the prisoner's compliance with the prison's administrative regulations"). Moreover, just as procedural default in the federal habeas corpus context must be predicated on an adequate and independent state ground, the procedural requirements of a prison grievance system may not be imposed in a way that offends the United States Constitution or the intended purposes of § 1997e(a). *See Spruill,* 372 F.3d at 232.

In support of their motion, Defendants have provided copies of two grievances that Plaintiff submitted regarding the incident giving rise to the present action. Defendants assert that neither

of these grievances properly exhaust the claims articulated in Plaintiff's complaint. Plaintiff has not alleged that he filed any other grievances that are relevant in this matter.

### A. Grievance CDW-2008-09-186-28E

Plaintiff filed this grievance on September 24, 2008, alleging that on July 6, 2008, he was experiencing swollen testicles for which he failed to receive adequate medical treatment. (Dkt. #25, Exhibit B). Plaintiff's grievance was properly rejected as untimely at all three steps of the grievance process. *See* Michigan Department of Corrections Policy Directive 03.02.130 (effective July 9, 2007). Thus, this grievance fails to properly exhaust any of the claims asserted in Plaintiff's complaint.

### B. Grievance CDW-2008-09-185-28E

Plaintiff filed this grievance on September 24, 2008, alleging that on July 6, 2008, he was experiencing a "sharp and twisted pain" in his testicles for which he failed to receive adequate medical treatment. (Dkt. #25, Exhibit B). Plaintiff's grievance was properly rejected as untimely at all three steps of the grievance process. *See* Michigan Department of Corrections Policy Directive 03.02.130 (effective July 9, 2007). Thus, this grievance fails to properly exhaust any of the claims asserted in Plaintiff's complaint.

Plaintiff has failed to submit any evidence in response to Defendants' motion for summary judgment. As the evidence submitted by Defendants reveals that Plaintiff has failed to properly exhaust the claims articulated in his complaint, the undersigned recommends that Defendants' motion be granted and Plaintiff's remaining claims against Defendants Utter, Rider, Scott, Klee, Caruso, and Howes be dismissed without prejudice for failure to exhaust administrative remedies.

**III.     Defendants Haralson and Unknown Parties**

Plaintiff initiated this action on December 10, 2009. On April 15, 2010, the Court ordered that service be effected on all defendants, except Attorney General Cox and Governor Granholm. On April 16, 2010, summonses (including a summons for Defendant Haralson) were issued and delivered to the United States Marshal for service. Service was properly effected on all Defendants except for Defendant Haralson. Plaintiff has neither requested an extension of time to effect service on Defendant Haralson nor requested the Court's assistance in effecting service on him. Plaintiff has likewise failed to identify the unknown defendants identified in his complaint or request the Court's assistance in identifying these individuals.

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant." If the plaintiff demonstrates good cause for such failure, however, "the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see also*, *Bush v. City of Zeeland*, 2003 WL 22097837 at *2 (6th Cir., Sep. 5, 2003) (citation omitted). Considering Plaintiff's lack of diligence, the Court recommends that Plaintiff's claims against Defendant Haralson and the various Unknown Defendants be dismissed without prejudice for failure to timely effect service.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion for Voluntary Dismissal</u>, (dkt. #30), be **denied**. The undersigned recommends that <u>Defendants' Motion for Summary Judgment</u>, (dkt. #42), be **granted** and Plaintiff's remaining claims against Defendants Utter, Rider, Scott, Klee, Caruso, and Howes be dismissed without prejudice for failure to exhaust administrative remedies. The undersigned further recommends that Plaintiff's claims against Defendant Haralson and the various Unknown Defendants be **dismissed without prejudice for failure to timely effect service**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: January 18, 2011                                /s/ Ellen S. Carmody
                                                                   ELLEN S. CARMODY
                                                                   United States Magistrate Judge